**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **JOHN DOE** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil No. 3:17-cv-1245** |
| | ) | **Chief Judge Crenshaw/Frensley** |
| **BELMONT UNIVERSITY** | ) | |
| **Defendants.** | ) | |

<u>**ORDER**</u>

The Court held a status conference with the parties on July 12, 2018, to discuss several outstanding discovery disputes. Specifically, those disputes involve Plaintiff's discovery requests seeking confidential information protected under the Family Educational Rights and Privacy Act ("FERPA"). The remaining disputes concern Defendant's requests for a computation of damages, documents supporting Plaintiff's negligence claims and production of social media accounts and electronic devices. The Court provided direction with respect to the discovery disputes and advised the Parties to continue the meet and confer process in order to find what appeared to be some common ground regarding the scope and extent of discovery. The Court nonetheless recognized that FERPA was clearly implicated by several of Plaintiff's requests and advised the Parties to provide briefing on whether and to what extent FERPA was implicated and how to address the production of information protected by FERPA. The parties thereafter filed briefs regarding the remaining discovery issues (Docket Nos. 33 and 35) and reply briefs (Docket Nos. 37 and 39). There is no motion to compel or for protective order currently before the Court. Nonetheless, the Court issues this Order to provide the Parties direction with regard to

FERPA protected discovery and other appropriate limitations on the scope of discovery in order to aid the meet and confer process.

## I.      Plaintiff's Discovery Requests.

Plaintiff's discovery requests involve primarily three considerations. First, whether Plaintiff is entitled to discover student education records of students who are not Parties to the litigation and the burden on the Plaintiff to justify discovery of such evidence. Second, the permissible scope of Plaintiff's requests in terms of subject matter, time and decisionmaker. Third, notice and opportunity to object to nonparties.

As noted above, there is neither a motion to compel nor motion for protective order before the Court. Perhaps for that reason the Plaintiff does not specifically address his burden to show that his interests in obtaining the records requested outweighs the significant privacy interests of the students involved. Instead, Plaintiff merely points out that such information is discoverable under the Federal Rules of Civil Procedure and FERPA regulations. Docket No. 33. The Court's authority to order production of FERPA protected records does not seem to be in dispute. While not ruling on any specific discovery requests, it does appear that Plaintiff has asserted causes of action for which information related to potential comparators is relevant and should be produced. However, as discussed with the parties in the status conference it is not clear that disclosure of confidential information in necessary in order to discover relevant information.

Plaintiff argues that Belmont's Title IX Department shall follow its policies in a uniform manner and therefore it is immaterial who the decisionmaker was thus allowing them to discover information related to decisions made by individuals other than the one who made the disciplinary decision related to Plaintiff. Docket No. 38. Additionally, Plaintiff asserts that a five year look back is reasonable and is not over burdensome. *Id.* Plaintiff's counsel did acknowledge

in the status conference that the choice of a five year period was arbitrary. Plaintiff does not address what if any procedures the Court should follow prior to disclosure of confidential third party student information.

Defendant argues that comparators must be similarly situated in all relevant respects and that Plaintiff's requests are not narrowly tailored to meet that standard. Docket No. 35. Defendant further argues that should FERPA protected information be produced the Court should adopt a notice or opportunity to be heard procedure which allows the nonparty students an opportunity to file an objection to the disclosure and seek a protective order to determine whether the records will in fact be produced. *Id.*

The Parties arguments appear to be directed exclusively at Plaintiff's claim under Title IX. As the Court understands this claim, Plaintiff contends that he was retaliated against in violation of Title IX for conduct unrelated to the Title IX complaint against him because he defended himself in those proceedings. See, Docket No. 1. The Sixth Circuit has recognized that claims for retaliation under Title IX are analyzed using the standards created under federal law for cases brought under Title VII. *Nelson v. Christian Bros. University*, 226 Fed. Appx. 448, 454 (6th Cir. 2003). This is certainly true with regard to the law of comparators. It is also recognized that the accuser in a Title IX action cannot be the similarly situated individual to whom the accused Plaintiff is compared. *See, Doe v. Ohio State University* 239 F. Supp 3d 1048, 1067 (S. D. Ohio 2017); *Doe v. Case Western University*, 2015 WL 5522001, at *6 (N. D. Ohio, September 16, 2015). Thus, it does not appear that any records related to Plaintiff's accuser could be relevant or discoverable in this action. Because this is a retaliation claim, it appears that proper comparators would be individuals who were accused of the conduct for which Plaintiff was disciplined who had not engaged in the alleged protected activity – defending against a Title

IX assault claim. Because there is no evidence before the Court that Defendant had a policy requiring certain disciplinary action be taken for specific conduct, the decisionmaker appears to have had discretion to determine what disciplinary action if any would be taken. Thus, just like any policy allowing for discretion by the decisionmaker it is only that decisionmaker's exercise of that discretion that is in question. As a result, it appears that it is appropriate to limit the scope of discoverable evidence to those disciplinary actions conducted by the same decisionmaker involved in the decision to discipline Plaintiff. Furthermore, it does not appear necessary at this stage of the proceedings to divulge private identifying information about those individuals at issue. The Court is satisfied that prior to producing any personal identifying information a notice and opportunity to be heard provisions of FERPA must be adopted. However, considering proportionality issues, it does not seem necessary to implement those procedures at this time. As a result, the Defendant should produce to Plaintiff data concerning disciplinary proceedings against students involving the same conduct for which Plaintiff was disciplined by the decisionmaker in Plaintiff's case during her tenure as the coordinator for each such instance, the data should show the gender of the student charged, whether the student had participated in Title IX assault proceedings before the decisionmaker and what if any sanction the student received. The data produced will not include identifying information as to the charged students. This would not preclude Plaintiff from seeking further information concerning any disclosed data should it be necessary. However, this approach should significantly narrow the potential incidence of number of nonparty students.

## II.  Defendant's Discovery Requests

### A.  Damage Calculation

As discussed at the status conference, Plaintiff shall respond to Defendant's discovery

requests seeking information regarding damages calculations and documents supporting asserted claims. While final calculations and documents may not be available at this time that does not excuse Plaintiff from responding to the requests and Plaintiff has cited no authority for doing so. Counsel are reminded of their continuing obligation to supplement discovery responses.

### B. Social Media Evidence

Through the meet and confer process it appears that Plaintiff has agreed to produced his entire Facebook downloads subject to the terms of a protective order. Defendant however seeks access to all social media postings by Plaintiff from the date of his enrollment to the present. Defendant asserts these postings are relevant to Plaintiff's claims for emotional distress and mental anguish. While the Court agrees, the request appears to be overly broad insofar as it seeks to discover social media postings prior to the existence of Plaintiff's claims for emotional distress. Plaintiff has put his emotional and mental state at issue in this litigation by seeking damages for emotional distress and mental anguish. The requested information is similar to requests for medical records; highly private information discoverable only because it relates to an issue asserted in the litigation. The same is true here. The Plaintiff has put his mental state at issue in this litigation and Defendant is entitled to discover information to test those claims. Therefore, Plaintiff shall provide access to whatever social media platforms he utilized for the period in which he claims to have suffered emotional distress and mental anguish as a result of Defendant's conduct.

### C. Access to Computer and Other Devices

Defendant seeks access to Plaintiff's computer and other electronic devices to review "potentially significant evidence of Plaintiff's emotional outlook during the time in question." Docket No. 35) and as potential evidence of spoliation (Docket No. 37). Defendant proposes

Case 3:17-cv-01245   Document 39   Filed 08/28/18   Page 5 of 6 PageID #: 458

providing the devices to a third party vendor who could review the devices for relevant material. Plaintiff asserts that the Defendant should not be allowed "uncontrolled and unfettered disclosure" of his computer based upon Defendant's lack of a "narrow idea of the information they were seeking." Docket No. 33. Plaintiff contends that his electronic devices contain confidential personal information totally unrelated to this action to which Defendant is not entitled and have failed to justify.

The Court agrees with the Plaintiff that the Defendant has failed to offer substantial support for its contention that it is necessary to access Plaintiff's computer and other electronic devices in this case. Defendant has cited no authority and nothing appears to justify the extraordinary methods proposed by Defendant in this case. The Court see no reason to abandon traditional discovery procedures whereby one party asks for information and the other party provides it if they have it.

## CONCLUSION

With this guidance, the Court encourages the Parties to continue the meet and confer process. In the event the Parties remain unable to reach agreement they are directed to file an appropriate motion with the Court.

**IT IS SO ORDERED.**

**JEFFERY S. FRENSLEY**
**U. S. Magistrate Judge**