UNITED STATES DISTRICT COURT at
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 3:17-cv-01245 |
| | ) | CHIEF JUDGE CRENSHAW |
| | ) | |
| BELMONT UNIVERSITY, | ) | |
| | ) | |
|    Defendant. | ) | |

# PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS

1. The Bruin Guide Policy states the following: The 2017-2017 policy stated the following: "The university's goal in not pursing these violations is to encourage reporting. It does not condone those violations. Accordingly, this special consideration will not excuse anyone found to be in violation of the sexual misconduct policy." (Ex 11).

   RESPONSE:

2. Belmont determined Doe was not in violation of the sexual misconduct policy. (Ex. 2).

   RESPONSE:

3. Ancillary discipline by the Title IX coordinator is always in conjunction with a guilty finding under Title IX.(Ex. 2).

RESPONSE:

4. Doe did not receive a hearing or otherwise have an opportunity to present evidence regarding the allegation of untruthfulness. (Ex. 3 at 28).

RESPONSE:

5. Janelle Briscoe does not know what punishment was given to the residential students who were disciplined for the same action as Doe for a visitation violation in the fall of 2016. Therefore, any statement saying Doe was not more harshly punished than other students is false. (Ex. 3 at 63).

RESPONSE:

6. Visitation violations are low level violations of the student conduct policy. (Ex. 3 at 49).

RESPONSE:

7. It is the host's responsibility to make sure their guests are checked in and that they follow visitation hours. (Ex. 3 at 46-47).

RESPONSE:

8. Doe was a commuter student when the fall 2016 visitation violations were issued. (Ex. 5 at 59).

RESPONSE:




9. Bryan Miller and Hillary Bruner were both employed as Resident Directors at Belmont at all times relevant to Plaintiff's Title IX charge . (Zlock Dec. ¶ 5.).

RESPONSE:


10. Zlock did not provide Doe requested assistance or interim measures. (Ex. 11 ).

RESPONSE:


11. Briscoe reported directly to Zlock. (Ex. 3 at 17).

RESPONSE:


12. Zlock and Briscoe both had knowledge of the Title IX allegations against Doe, as well as the related charges of untruthfulness and visitation violations. (Ex. 2; Ex. 4).

RESPONSE:



13. Doe regularly deleted text messages during all relevant time periods at Belmont. (Ex. 5 at 59).

RESPONSE:

14. When Doe was reviewing the text messages provided by S it was approximately six months after those texts were sent. (Ex. 5 at 59).

RESPONSE:

15. Doe's father made a statement with the submitted text documents that said: "Given the glaring forgery shown above, these screenshots have to be quite suspect at least and total lies at most." Doe did not make this statement and the statement was made in regard to the screenshots, not the texts themselves. (Ex. 6; Ex. 5 at 79-80).

RESPONSE:

16. Doe's father works in the IT field at Lifeway and is the Manager of IT infrastructure. (Ex. 9 at 7,9).

RESPONSE:

17. Doe met student S while working together on Towering Traditions and their relationship ended when Towering Traditions was over. Doe spoke of S. in terms of work because that was the context of their relationship. (Ex. 5 at 89-90).

RESPONSE:

18. Doe did not deny his relationship with S and was not untruthful in detailing their relationship. Doe did not know the accusations against him at the time he gave his statement to the investigators and therefore could not have addressed the specific allegations against him. (Ex. 11)

RESPONSE:

19. Doe was the only person Zlock suspended for untruthfulness while at Belmont. (Ex. 7 at 133).

RESPONSE:

20. Zlock told Doe's father and Doe that she was "a very fair person" when questioned as to how Belmont would ensure Doe was treated fairly during the investigation. Yet Zlock posted on her Facebook page a screenshot featuring Elie Wiesel stating: "We must always take sides. Neutrality helps the oppressor, never the victim. Silence encourages the tormentor, never the tormented." (Ex. 8, Ex. 7 at 59-60).

RESPONSE:

21. In Belmont's question and answer section for Title IX on their website, they indicate that false accusations of sexual assault are uncommon. (Ex. 13).

RESPONSE:

22. If a student is found guilty of violating the deceptive behavior policy during an investigation or hearing, the result is normally to increase the sanctions given to the student for the underlying violation. (Ex. 3 at 27).

RESPONSE:

23. Zlock was aware at all relevant times that Doe was charged with housing violations by Briscoe. (Ex. 4).

RESPONSE:

24. Zlock informed Briscoe that Doe was being investigated for a Title IX violation. (Ex. 3 at 19).

RESPONSE:

25. Doe was accepted at the University of Tennessee at Chattanooga but was required to be on probation for the entire time he attended because of the discipline from the Title IX department. (Ex. 9 at 19-20).

RESPONSE:

Respectfully Submitted,

Dated December 13, 2018.

/s/Michelle Owens
Michelle Owens (0265120
Lynn Agee (8224)
Agee Owens & Cooper, LLC
2911 Elm Hill Pike, Suite 2
Nashville, TN 37214
(615) 300-8546
mowens@ageeowenslaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of December, 2018, I e-filed the foregoing via the Court's CM/ECF service, which will serve the following counsel of record:

Tim Palmer
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. SunTrust Plaza
401 Commerce Street, Suite 1200
Nashville, TN 37219
(615) 687-2230 – telephone
(615) 254-1908 – facsimile
Timothy.Palmer@ogletree.com

/s/ Michelle Owens
Michelle Owens