# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JOHN DOE, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No.: 3:17-cv-01245<br>) CHIEF JUDGE CRENSHAW<br>) |
| BELMONT UNIVERSITY, | )<br>) |
| Defendant. | ) |

## MOTION IN LIMINE TO EXCLUDE ANY EVIDENCE OF PLAINTIFF'S MENTAL DISTRESS ALLEGEDLY CAUSED BY THIS LITIGATION

Defendant, Belmont University ("Defendant" or "Belmont"), hereby submits its Memorandum in Support of Motion *in Limine* to exclude sympathy-inducing evidence related to the alleged mental distress caused to Plaintiff by this litigation. Based on a review of Plaintiff's pleadings, his deposition testimony, and his medical records, Belmont believes that Plaintiff may testify at trial regarding the mental distress caused by this litigation. Because Plaintiff cannot recover damages for mental distress caused by litigation, Plaintiff should be precluded from offering any such evidence at trial.

### I. BACKGROUND

Plaintiff's cause of action is based on this theory that Belmont incorrectly disciplined him for lying in the course of its investigation into sexual misconduct charges lodged against him. [Dkt. 1]. Plaintiff seeks damages for mental anguish, severe emotional distress, injury to reputation, serious mental injury, past and future economic loss, deprivation of due process, loss of educational opportunities, loss of future career prospects, and other injuries. [Dkt. No. 1, p. 28].

Belmont has subpoenaed Plaintiff's medical records, as they are relevant to Plaintiff's

claim for emotional distress damages. Plaintiff's medical records reveal that he has reported emotional distress as a result of this lawsuit. For example, on October 1, 2018, Plaintiff's medical records indicate:

> Since his last appointment, he and his family have filed a law suit [sic] against Belmont. Thursday he gave an all day deposition. It was a traumatic day.

Exhibit 1.

## II. LEGAL ARGUMENT

### A. Evidence Regarding Emotional Distress Allegedly Caused By This Lawsuit Should Be Excluded Pursuant to Rule 401

A plaintiff generally cannot recover damages for emotional distress caused by litigation proceedings. *See Blakley v. Continental Airlines, Inc.*, 992 F.Supp. 731, 736 n.3 (D.N.J. 1998). "Sound policy reasons support this rationale: as a general rule, a putative tortfeasor should have the right to defend himself without risking a more munificent award of damages merely because the strain inherent in an actual or impending courtroom confrontation discomfits the plaintiff." *Zimmerman v. Direct Fed. Credit Union*, 262 F.3d 70, 79 (1st Cir. 2001). *See also, Stoleson v. U.S.*, 708 F.2d 1217, 1223 (7th Cir. 1983)("It would be strange if stress induced by litigation could be attributed in law to the tortfeasor. An alleged tortfeasor should have the right to defend himself in court without thereby multiplying his damages...."); *Laporace v. N.Y. Life & Annuity Corp.*, 2014 WL 1806788, at *3 (E.D. Pa. 2014) ("[T]here is no question that filing a lawsuit, which is a right every individual has, as long as they have grounds under the law to file claims, is the plaintiff's decision, and imposing additional damages on the defendant for defending against the plaintiff's claims would impair the defendant's right to defend himself.").

Federal Rule of Evidence 401 states that relevant evidence is that which tends "to make the existence of any fact that is of consequence to the determination of the action more probable

or less probable than it would be without the evidence." Fed. R. Evid. 401. In tandem with Rule 401, Rule 402 mandates the preclusion of evidence which is not relevant. Fed. R. Evid. 402. The trial court possesses broad discretion over the admission or exclusion of evidence. *See Burks v. O'Connor Kenny Partners, Inc.,* 77 Fed. Appx. 351, 356 (6th Cir. 2003).

Here, because Plaintiff cannot recover for any emotional distress caused by this litigation, any testimony regarding the alleged emotional distress caused by this litigation is irrelevant. As such, such testimony should be excluded pursuant to Rule 401.

### B. Evidence Regarding Emotional Distress Allegedly Caused By This Lawsuit Should Be Excluded Pursuant to Rule 403

Furthermore, any testimony regarding Plaintiff's alleged emotional distress caused by this litigation should be excluded under Rule 403. Federal Rule of Evidence 403 provides that the Court has the power to exclude evidence, even if relevant under Rule 401, "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the [trier of fact] or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Unfairly prejudicial evidence includes evidence that runs the risk of inducing the trier of fact to decide the case based on sympathy for Plaintiff rather than the merits of Plaintiffs claims. *See, e.g. Lewis v. City of Chicago Police Dep't*, 590 F.3d 427, 441 (7th Cir. 2009) (trial court did not abuse discretion when it barred Plaintiff from introducing testimony that "might run the risk of the [trier of fact] deciding the case based on sympathy for [Plaintiff]"); *Ford v. Nationwide Mut. Fire Ins. Co.*, 214 F.Supp.2d 11, 15 (D. Me. 2002) (it is "appropriate to limit the amount ... of sympathy-inducing testimony under Rule 403."). Again, the power to exclude relevant evidence under Rule 403 is within the sound discretion of the trial court. *See Green v. Bock Laundry Machine Co.*, 490 U.S. 504 (1989).

3

Here, the only reason Plaintiff would seek to admit evidence regarding the emotional toll this litigation has taken on him would be to confuse the issues – a purpose that the Federal Rules of Evidence expressly proscribes. Such evidence would be inappropriate to submit at trial of this matter because the issues must be decided on the law and the facts, not their sympathies. *See Lockhart v. Examone Work Wide, Inc.*, 904 F.Supp.2d 928 (S.D. Ind. 2012) (finding that the trier of fact should not consider any distress that Plaintiffs sustained by pursuing the litigation.) Accordingly, Plaintiff should be precluded from offering evidence at trial regarding the alleged emotional distress caused by this litigation.

Respectfully submitted on March 11, 2019.

>*s/ Timothy A. Palmer*
>Timothy A. Palmer, TN Bar #008993
>Casey M. Parker, TN Bar #038810
>OGLETREE, DEAKINS, NASH, SMOAK
>    & STEWART, P.C.
>SunTrust Plaza
>401 Commerce Street, Suite 1200
>Nashville, TN 37219
>(615) 687-2230 – telephone
>(615) 254-1908 – facsimile
>Timothy.Palmer@ogletree.com
>Casey.Parker@ogletree.com
>*Attorneys for Defendant Belmont University*

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of March 2019, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following counsel of record:

Michelle Owens
Lynn Agee
Agee Owens & Cooper, LLC
2911 Elm Hill Pike, Suite 2
Nashville, TN 37214
mowens@ageeowenslaw.com

*s/ Timothy A. Palmer*

37356264.1