UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:17-cv-01245 |
| ) | CHIEF JUDGE CRENSHAW |
| ) | |
| BELMONT UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

## MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PLAINTIFF'S NEW LEGAL THEORY OF NEGLIGENCE

Defendant, Belmont University ("Belmont"), hereby submits its Memorandum in Support of Motion *in Limine* to exclude evidence regarding the new legal theory that Plaintiff advanced, for the first time, during his summary judgment briefing. Pursuant to Federal Rule of Civil Procedure 37(c)(1), any evidence to support this new legal theory should be excluded during trial.

### I. Background

Plaintiff's negligence cause of action is based on the theory raised in his Complaint that Belmont "owed a duty of care to John Doe to conduct [the disciplinary] process in a non-negligent way" and that "Belmont University failed to perform the duty of care owed to Doe." [Doc No. 1, at ¶¶ 149-151].

In discovery, Belmont asked Plaintiff to identify, and produce documents, "to establish the standard of care owed by Belmont, or the breach thereof as alleged in Counts V, VI, VII and VIII of the Complaint." [Belmont's First Set of Interrogatory and Requests for Production of Documents, Exhibit A]. Plaintiff did not produce any documents in response to this request, and responded only that, "Plaintiff will rely on the Bruin Guide, Title IX, Belmont's standard of

practice and any relevant case-law to establish the standard of care." [Plaintiff's Supplemental Discovery Responses, Exhibit B].

During Plaintiff's deposition, Defense counsel asked Plaintiff to identify any way that Belmont was allegedly negligent in its handling of Plaintiff's Title VII claim. [Pl. Dep. 242:2-16]. Specifically, counsel for Belmont asked, and Plaintiff responded, as follows:

> Q. And is there a specific area in which they did not exercise the care you feel like they should have that forms the basis for your claim?
>
> A. Yes sir, with the sanctions that they assigned to me.
>
> Q. You feel like those sanctions were not merited?
>
> A. Correct.
>
> Q. Anything else?
>
> A. What was the original question? Sorry.
>
> Q. Is there any other specific breach of care that you contend Belmont engaged in regarding your negligence claim?
>
> A. No sir, not that I can think of.

[Pl. Dep. 242:2-16]. Plaintiff testified that, when he was notified about the charges brought against him, he was instructed by Zlock to review the Sexual Misconduct policy [Pl. Dep. 31:5-8], that Plaintiff did, in fact, review the policy "multiple times" [Pl. Dep. 31:11-17], that Plaintiff received training on the sexual misconduct policy [Pl. Dep. 31:24-32:2], that Plaintiff accessed this policy in the Bruin Guide on the internet [Pl. Dep. 33:20-34:3], and that Belmont's handling of his sexual misconduct charges was entirely consistent with what he read in the Bruin Guide. [Pl. Dep. 43:5-7].

In Defendant's Motion for Summary Judgment, Defendant points out that Plaintiff acknowledged that the process used by Belmont was proper and consistent with what he

reviewed in the Bruin Guide. [Dkt. No. 45]. In addition, Belmont noted that Plaintiff testified that the only breach of care committed by Belmont was that it issued sanctions to him. [Id.]

In Plaintiff's Response Brief, Plaintiff changed his legal theory with respect to his negligent cause of action and raised a brand new legal theory of negligence. Specifically, Plaintiff claimed, <u>for the first time</u>, that there were two different versions of the Bruin Guide, that the two versions of the Bruin Guide contained different language with respect to the Sexual Misconduct Policy, that Plaintiff relied on a so-called "magazine version" of the Sexual Misconduct Policy, and that Belmont "breached its duty to clearly state such an important policy and to ensure that the policy itself does not confuse or confound those that are bound by it." [Dkt. No. 50, pp. 18-19].

**II.    Argument**

Rule 37(c)(1) of the Federal Rules of Civil Procedure provides that if a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information at a trial unless the failure was substantially justified or is harmless. Accordingly, courts routinely grant motions in limine to exclude legal theories that were not disclosed during the discovery process. *Franklin American Mortgage Corp. v. First Educators Credit Union*, 2013 WL 5637033 (M.D. Tenn. 2013) (granting defendant's motion in limine to exclude plaintiff's new disclosed theory); *Shaltry v. City of Saginaw*, 2010 WL 2104956 (E.D. Mich. 2010) (granting defendant's motion in limine to exclude plaintiff's new theory of damages).

In *Franklin*, defendant served contention interrogatories on plaintiff, asking plaintiff to identify "each and every breach of contractual obligation … that you claim First Educators committed." *Id.* at *1. In response, Plaintiff disclosed three contractual provisions breached by Defendant. Subsequently, in Plaintiff's motion for partial summary judgment, it advanced an

additional breach of contract that claim that it did not identify in its Complaint or discovery responses. *Id.* The district court for the Middle District of Tennessee granted Defendant's motion in limine to exclude Plaintiff's new undisclosed theory. The court held,

> Since this claim by Franklin American was not disclosed until after the deadlines for completion of discovery, the undersigned Magistrate Judge finds that to allow Franklin American to assert this claimed breach of contract at trial would materially prejudice First Educators.

*Id.* at *3.

Here, Plaintiff did not disclose that he allegedly relied on two different versions of the Bruin Guide until his Summary Judgment briefing – despite that fact that he was served with discovery requests, and asked deposition questions, that should have elicited discovery responses and deposition testimony about this theory.

Defendant would be materially prejudiced if Plaintiff could advance this new theory of negligence at trial. Defendant has been precluded from seeking discovery about this alleged theory, and entirely thwarted in any efforts it could have taken to mount a defense to Plaintiff's newly disclosed theory of liability. Accordingly, Defendant requests that this Court enter an Order excluding any evidence referencing Plaintiff's new legal theory.

### III. Conclusion

For the foregoing reasons, Defendant respectfully requests the Court exclude evidence related to Plaintiff's newly disclosed legal theory at trial.

Respectfully submitted on March 11, 2019.

*s/ Timothy A. Palmer*
Timothy A. Palmer, TN Bar #008993
Casey M. Parker, TN Bar #038810
OGLETREE, DEAKINS, NASH, SMOAK
    & STEWART, P.C.
SunTrust Plaza
401 Commerce Street, Suite 1200
Nashville, TN 37219
(615) 687-2230 – telephone
(615) 254-1908 – facsimile
Timothy.Palmer@ogletree.com
Casey.Parker@ogletree.com
*Attorneys for Defendant Belmont University*

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of March 2019, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following counsel of record:

Michelle Owens
Lynn Agee
Agee Owens & Cooper, LLC
2911 Elm Hill Pike, Suite 2
Nashville, TN 37214
mowens@ageeowenslaw.com

*s/ Timothy A. Palmer*

37356286.1
